## EVERETT *v.* KORIZON J. FORNARA TILE COMPANY.

1. Without an exception and assignment of error upon a ruling by the trial court, no question is raised for decision on review.
2. On the trial of claim interposed against a levy of an execution based on a judgment dated November 12, 1924, in a suit begun on July 16, 1923, against the claimant's husband, the claimant having introduced in evidence a deed to herself from her husband, dated November 8, 1924, upon the expressed consideration of love and affection, conveying the land levied on, it was not error to refuse to admit in evidence another deed from the husband to the wife, dated January 5, 1925, conveying the same land "for a consideration of two thousand dollars," and reciting that it was made "to correct the consideration expressed" in the previous deed, "the consideration being in fact and in truth money furnished me by my said wife with which to pay for said land."
3. The verdict as directed was demanded by the evidence.

No. 5909.    FEBRUARY 14, 1928.

Claim. Before Judge Wood. Cobb superior court. January 29, 1927.

*H. B. Moss,* for plaintiff in error. *J. E. Mozley,* contra.

RUSSELL, C. J. 1. Counsel for the plaintiff in error in his brief states that the claimant at the time of the trial was on her way from a distant State to this State, and that this fact was stated by counsel in open court, and that the court ordered the case to proceed. But counsel also states that no written exception was taken to this, and no error is assigned on the ruling of the court: "that counsel makes this statement of fact to account for his failure to put up his client as a witness." No error being assigned upon the refusal to postpone the case, no question is raised for decision by this court as to whether the court properly ordered the case to proceed.

2. On November 12, 1924, Korizon J. Fornara Tile Co., defendant in error, recovered a judgment against A. N. Everett, and on November 26, 1924, execution was issued, and this was subsequently levied upon a tract of land. As against this levy Mrs. Susie Everett, the wife of A. N. Everett, interposed a claim. The suit upon which the judgment referred to was founded was begun on July 16, 1923. Claimant introduced in evidence a warranty deed from Everett to his wife, the plaintiff in error, dated September 2, 1924, recorded November 8, 1924, the expressed considera-

Appeal and Error, 3 C. J. p. 895, n. 52; p. 1330, n. 44.
Executions, 23 C. J. p. 599, n. 65.
Trial, 38 Cyc. p. 1565, n. 84.

tion being "love and affection." This deed conveyed the land described in the levy and to which the claim was filed. After the introduction of the deed just referred to, claimant tendered in evidence another deed from Everett to his wife, dated January 5, 1925, conveying the same land "for a consideration of two thousand dollars;" and this latter deed, immediately after the habendum and tenendum clause, contains the following: "This deed is made to correct the consideration expressed in a deed made by me to said Susie Everett on September 2, 1924, the consideration being in fact and in truth money furnished me by my said wife with which to pay for said land." On objection made by plaintiff's counsel the court refused to admit this deed in evidence, and error is assigned upon this ruling. The court properly refused to admit this deed in evidence. Everett had already, by a deed dated September 2, 1924, conveyed the land in question to his wife. She was not entitled to have the second deed admitted in evidence, conveying the same land and containing the statement that the former deed was really for a valuable consideration and not merely for love and affection. This was mere hearsay evidence; and the fact there recited, if true, should have been proved by competent evidence.

3. The court did not err in directing a verdict for the plaintiff, as it was demanded by the evidence submitted.

                   *Judgment affirmed. All the Justices concur.*

ATKINSON and HINES, JJ., concur in the result.